**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-4475**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RONNELL KAREEM LEVON JOHNSON,

Defendant – Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge. (3:20-cr-00133-REP-1)

---

Submitted:  October 5, 2022                         Decided:  July 25, 2023

---

Before NIEMEYER and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Laura P. Tayman, LAURA P. TAYMAN, PLLC, Newport News, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Kenneth R. Simon, Jr., Assistant United States Attorney, Michael R. Gill, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnell Kareem Levon Johnson was convicted by a jury of one count of Hobbs Act Robbery, 18 U.S.C. § 1951(a), for robbing a Sprint Store in 2019. He appeals his conviction and sentence, challenging (1) the jury's consideration of an unadmitted exhibit, (2) certain testimony elicited at trial, and (3) the application of a sentencing enhancement based on acquitted conduct. Finding no reversible error, we affirm.

To begin, when the jury views an exhibit that was not admitted into evidence, error has occurred. *United States v. Lentz*, 383 F.3d 191, 219 (4th Cir. 2004); *United States v. Barnes*, 747 F.2d 246, 250–51 (4th Cir. 1984). But that error is harmless if the government establishes that there is no "reasonable possibility that the jury's verdict was influenced by the material that improperly came before it." *See Lentz*, 383 F.3d at 219 (quoting *Barnes*, 747 F.2d at 250). The government has satisfied this standard. The unadmitted exhibit was irrelevant to the charges against Johnson and the court instructed the jury to disregard it. In these circumstances, the jury's consideration of the unadmitted exhibit was harmless. *Cf. United States v. Rafiekian*, 991 F.3d 529, 550 (4th Cir. 2021) ("[S]ave for extraordinary situations, we adhere to the crucial assumption that jurors carefully follow instructions." (cleaned up)).

Next, Johnson argues that certain testimony at trial by Tajh Rogers and an ATF Agent violated Federal Rule of Evidence 404(b). But none of Rogers's challenged testimony about planning the robbery with Johnson violates Rule 404(b), as it was intrinsic evidence necessary to complete the story of the charged offense. *See United States v. Brizuela*, 962 F.3d 784, 795 (4th Cir. 2020). As for the Agent's testimony about Johnson's

2

prior jail stint, the district court immediately interjected, admonished the prosecution, and instructed the jury that the testimony was irrelevant. *Cf. Rafiekian*, 991 F.3d at 550. So there was no Rule 404(b) violation.

Finally, Johnson argues that he was sentenced based on acquitted conduct in violation of his Fifth and Sixth Amendment rights. But he admits that this argument is foreclosed by our precedent, and so we must reject it. *See Payne v. Taslimi*, 998 F.3d 648, 654–55 (4th Cir. 2021).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process. Johnson's conviction and sentence are

*AFFIRMED.*

3